FILED ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.   DCF

★ JAN 04 2007 ★   C/M

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEO MARINO,

                  Petitioner,

   -against-

J. BERBARY, Superintendent, Collins
Correctional Facility

                  Respondent.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-06-2728 (FB)

*Appearances:*
*For the Petitioner:*
LEO MARINO, *Pro Se*
03-A-1563
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034-0340

*For the Respondent:*
RICHARD A BROWN, Esq.
District Attorney, Queens County
By: JOHN M. CASTELLANO, Esq.
Assistant District Attorney
125-01 Queens Blvd.
Kew Gardens, NY 11415-1568

**BLOCK, Senior District Judge:**

       Petitioner Leo Marino ("Marino"), proceeding *pro se*, filed this petition for *habeas corpus* review pursuant to 28 U.S.C. § 2254, challenging his convictions for burglary, criminal contempt and criminal mischief after a bench trial in New York Supreme Court, Queens County. In his petition, Marino alleges insufficiency of the evidence, violations of his Sixth Amendment right to confrontation, multiple violations of his due process right to a fair trial, and a violation of the Fifth Amendment's protection against double jeopardy. For the reasons stated below, the petition is denied.

1

**I.**

Marino's convictions arose out of his violation of an order of protection directing him to stay away from his ex-girlfriend Katherine Rowe ("Rowe"). There is no dispute as to the relevant facts: The Court accepts the factual and procedural history as set forth in the respondent's affidavit in opposition and memorandum of law. *See* Aff. and Mem. of Law in Opp'n to Pet., at 2-11, 14-19.

The claims Marino raises in his *habeas* petition are the same claims he raised on direct appeal. In affirming his convictions, the Appellate Division denied most of these claims, with brief explanation, as either without merit or procedurally barred *and* without merit. *See People v. Marino*, 800 N.Y.S.2d 439, 440-42 (2d Dep't 2005). Marino's remaining claims were summarily denied as "either unpreserved for appellate review *or* without merit." *Id.* at 442 (emphasis added).

Marino unsuccessfully sought leave to appeal from the New York Court of Appeals, *see People v. Marino*, 5 N.Y.3d 883 (2005) (table), and was subsequently denied a writ of certiorari from the Supreme Court, *see Marino v. New York*, 126 S. Ct. 2930 (2006). Marino timely filed this *habeas* petition.[1]

**II.**

Only federal issues may be raised on *habeas* review. *See* 28 U.S.C. § 2254(a);

---

[1] In support of his *habeas* petition, Marino incorporated by reference and submitted his appellate counsel's brief and his *pro se* supplemental brief before the Appellate Division. *See* Br. for Pet'r, Pro-Se, Exs. A (Appellant's Pro-Se Supplemental Br.), C (Br. for Def.-Appellant).

*Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *habeas* relief may not be granted for a claim "adjudicated on the merits" unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"[A] state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citations and quotations omitted). It matters not whether a state court rejects a federal claim as procedurally barred *and* without merit or procedurally barred *or* without merit; both constitute an adjudication on the merits and are entitled to AEDPA deference. *See Zarvela v. Artuz*, 364 F.3d 415 (2d Cir. 2004) (applying AEDPA deference to state court determination that federal claim was unpreserved and, "in any event," without merit); *Jimenez v. Walker*, 458 F.3d 130, 132 (2d Cir. 2006) ("'AEDPA deference' under 28 U.S.C. § 2254(d) is due to a state court's rejection of a federal claim as 'either unpreserved for appellate review or without merit.'").

As the Supreme Court recently reiterated, "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the

3

governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams*, 529 U.S. at 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409. The range of judgments that can be deemed "reasonable" varies with the nature of the rule in question: "The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

## III.

### A. Alleged Insufficiency of the Evidence

Marino makes two sufficiency of the evidence claims: (1) with respect to all charges, that "the prosecution's case consisted solely of hearsay evidence which was insufficient as a matter of law to establish [his] guilt beyond a reasonable doubt," *see* Appellant's Pro-Se Supplemental Br. at 35; and (2) with respect to the charge of criminal mischief for breaking Rowe's apartment window, that the prosecution failed to establish that Marino "intentionally damage[d] another person's property" since he allegedly "maintained a residence" at Rowe's apartment and therefore had an "equitable interest" in the window, *see* Br. for Def-Appellant at 43-44.

The Court reviews both claims under the standard of *Jackson v. Virginia*: "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

4

crime beyond a reasonable doubt." 443 U.S. 307, 318-19 (1979).

Contrary to Marino's first claim, the record contains ample non-hearsay evidence to support his convictions, including: (1) the contemporaneous 911 recording of the crime, (2) the testimony of police officers who observed the broken window, and (3) the testimony of Rowe's son and physician describing Rowe's physical condition shortly after the crime. Marino's second claim is also contradicted by evidence adduced at trial, particularly the order of protection directing Marino to stay away from Rowe – and, by extension, her residence – thereby preventing him from retaining an "equitable interest" in the property. Accordingly, the Appellate Division's adjudication of these claims was not contrary to or an unreasonable application of the Supreme Court's standard in *Jackson*.

## B. Confrontation Clause Claims

Rowe's out-of-court statements – (1) to 911 operators while the crime was taking place, and (2) to police when they arrived at the crime scene – were admitted at trial over defense counsel's objection.

With respect to the first, the Appellate Division held that the "admission of [Rowe's] statements to the 911 operators did not violate [Marino's] right to confrontation because they were not testimonial." 800 N.Y.S.2d at 441 (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). At the time the Appellate Division issued its affirmance, prior to the Supreme Court's clarification of *Crawford* in *Davis v. Washington*, 126 S. Ct. 2266 (2006) (holding victim's statements in response to 911 operator's interrogation not testimonial),

it was unclear whether 911 recordings were "testimonial" and therefore subject to the Confrontation Clause. See *Crawford*, 541 U.S. at 68 ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.' . . . [I]t applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."). Given the general rule of *Crawford* regarding testimonial statements, the Appellate Division's application of that precedent was not unreasonable.

With respect to the second, the Appellate Division held that "[Rowe's] statements to the responding officer were properly admitted as excited utterances." 800 N.Y.S.2d at 441. Although the Supreme Court held in *Crawford* that the Confrontation Clause applies to statements made in response to police interrogation, *see* 541 U.S. at 68, it did not clearly define "police interrogation" or, more specifically, state whether the definition includes a complainant's excited utterances to police. *See id.* at 53 n.4 ("[O]ne can imagine various definitions of 'interrogation,' and we need not select among them in this case."). In light of the responding officer's testimony that Rowe was still "very excited, hysterical, and crying" when she made her statements, *see* Tr. at 46, the Court concludes that the Appellate Division's adjudication was not contrary to *Crawford* since Rowe's statements, unlike the statements in *Crawford*, were not "knowingly given in response to structured police questioning." *Crawford*, 541 U.S. at 53 n.4. Nor did the Appellate Division unreasonably apply *Crawford*, since *Crawford* states a general rule that grants state courts significant leeway in determining what constitutes "police interrogation."

Finally, Marino alleges that his confrontation rights were violated when the

trial court curtailed his counsel's cross-examination of Rowe's son. The Supreme Court has held that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). After reviewing the relevant portions of the record, *see* Tr. at 173-85, the Court agrees with the Appellate Division that "[Marino's] substantive cross-examination was not interfered with," *see* 800 N.Y.S.2d at 441-42, and concludes that the Appellate Division's adjudication of the claim was not an unreasonable application of *Fensterer*.

## C. Alleged Due Process Violations

### 1. Trial Court Errors

Marino alleges a number of trial court errors. The Appellate Division explicitly adjudicated two of these claims on the merits and dismissed the others as either unpreserved for appellate review or without merit.

In his first claim, Marino alleges that the court excessively interfered with his counsel's examination of witnesses and, in so doing, expressed an impermissible bias towards the prosecution. The Appellate Division held that "the trial court's intervention . . . appropriately clarified the issues, precluded unnecessarily repetitive examination, and 'ensure[d] the orderly and expeditious progress of the trial.'" 800 N.Y.S.2d at 442 (citation omitted). This determination, supported by the record, is not contrary to or an unreasonable application of the Supreme Court's holding in *Litekyv. United States*, 510 U.S. 540 (1994), that a "judge's ordinary efforts at courtroom administration[,] even a stern and

7

short-tempered judge's ordinary efforts at courtroom administration[,]" are insufficient to establish bias. *Id.* at 556.

In his second claim, Marino alleges that the court failed to issue a missing witness charge with respect to Rowe. The Appellate Division held that "[t]he court's determination that [Rowe] was not under the People's control is supported by evidence of her adamant refusal to divulge her whereabouts or testify at the trial, despite the People's diligent efforts to locate her and compel her to do so." 800 N.Y.S.2d at 442. Although the Second Circuit has held that a trial court's refusal to provide a missing witness instruction should be reviewed for abuse of discretion, *see United States v. Ebbers*, 458 F.3d 110 (2d Cir. 2006), the Court is not aware of any clearly established Supreme Court precedent that would require granting *habeas* relief on this claim.

Marino's several evidentiary claims allege only the misapplication of state law, *see* Appellant's Pro-Se Supplemental Br. at 45-53 (challenging admission of 911 tape, police officer's testimony and order of protection as "violation of state rules of evidence"), and therefore do not, by themselves, raise issues of federal law appropriate for *habeas* review. *See Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Insofar as these evidentiary claims implicate the Confrontation Clause, the Court dismisses them for the reasons stated above. *See infra* Part III.B.

Marino's final claim is that the court improperly refused to entertain his *pro se* motions at trial. The Supreme Court has held that the right of self-representation "does

not require a trial judge to permit hybrid representation." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Since Marino was represented by counsel at trial, the Appellate Division's adjudication of this claim was not contrary to or an unreasonable application of this clearly established standard.

The Court concludes that none of the trial court's alleged errors resulted in a violation of Marino's due process right to a fair trial; accordingly, it need not address his claim that "when examining the trial, as a whole, [he did not] receive a fair trial." Appellant's Pro-Se Supplemental Br. at 72.

### 2. Prosecutorial Misconduct

Marino alleges that the prosecutor impermissibly blurred the distinction between two elements of the burglary charge in his summation. The Appellate Division concluded that "the prosecutor also proffered [an] alternate, permissible theory," and "[s]ince the fact-finder in this non-jury trial was the court, there is no danger that the defendant's conviction rests upon the prosecutor's fallacious summation argument." 800 N.Y.S.2d at 441. Although the Supreme Court has held that it is improper for a trial court to allow jurors to rely on an inadequate legal theory, *see Griffin v. United States*, 502 U.S. 46, 59 (1991) ("When . . . jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error."), it has not suggested that a judge, acting as the trier of fact, would be unable to reject such a theory if presented. Accordingly, the Appellate Division's adjudication is entitled to AEDPA deference.

### 3. Discovery Violations

Marino asserts that the prosecution engaged in several discovery violations that resulted in a denial of due process. All fail under the deferential standard of 28 U.S.C. § 2254(d). The first alleged violation – failure to turn over inculpatory evidence – is not a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence *favorable* to an accused upon request violates due process where the evidence is material either to guilt or to punishment." (emphasis added)). With respect to the second – failure to disclose Rowe's criminal record – Marino has failed to show a reasonable probability that the result of the trial would have been different if the information had been disclosed. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999) (defining "material" evidence subject to *Brady*). The third – failure to provide notice that it intended to introduce the minutes of a sentencing hearing in which Marino acknowledged the order of protection – does not raise issues of federal law appropriate for *habeas* review. *See Brown v. Harris*, 666 F.2d 782, 785 (2d Cir. 1981) (holding state notice requirement not constitutionally mandated), *cert. denied*, 446 U.S. 948 (1982). Marino's last allegation – delay in disclosure – does not rise to the level of a due process violation since the trial court offered, and defense counsel refused, a continuance. *See* Tr. at 282.[2]

---

[2] The Court need not determine whether trial counsel's decision constituted ineffective assistance since Marino has not raised the issue in his *habeas* petition. Even if Marino were to raise this claim, however, it would fail under the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984), because Marino cannot show that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

10

### D. Double Jeopardy

Marino argues that his convictions for both criminal contempt in the second degree and criminal contempt in the first degree constitute double jeopardy under the Fifth Amendment. This is simply an incorrect characterization of New York law. Each offense contains a different intent element, *compare* N.Y. Penal Law § 215.50(3) ("[i]ntentional disobedience or resistance to the lawful processor other mandate of a court"), *with id.* § 215.51(b)(5) ("with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued"); accordingly, there is no identity of offenses that would trigger double jeopardy. *See Blockburger v. United States*, 284 U.S. 299 (1932).

### CONCLUSION

The petition is denied. A certificate of appealability will not issue because Marino has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Dated: Brooklyn, New York
January 3, 2007

11